# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HAROLD E. DOLEY ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 12-1595** |
| **A. MICHAEL RUBIO ET AL.** | * | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court is a Motion to Dismiss (Rec. Doc. No. 5), filed by Defendants, and Motion to Remand (Rec. Doc. No. 6), filed by Plaintiffs. The Court, having reviewed the submitted memoranda and the applicable law, is ready to rule. For the following reasons, both the Motion to Dismiss and the Motion to Remand are denied without prejudice to the parties' right to re-file the motions at a later date.

## I. BACKGROUND

This case arises out of an audit performed for Plaintiffs Harold E. Doley, Jr. and Aaron Doley by Defendants A. Michael Rubio and Rubio CPA, PC. Plaintiffs allege that on an unspecified date, Defendants prepared for Plaintiffs an audit required by the Financial Industry Regulatory Authority ("FINRA"). Plaintiffs allege that, although they provided the necessary information to Defendants in a timely manner, Defendants grossly failed to use standard accounting practices and following the rules and regulations dictated by FINRA in preparing and performing the audit. Plaintiffs further allege that Defendants declined to withdraw the flawed audit when contacted by Plaintiffs. Plaintiffs allege that, as a result of Defendants' negligence, Plaintiffs were suspended for 45 days and were forced to pay for new audit to bring their business into compliance with FINRA.

Plaintiffs filed suit in Civil District Court for Orleans Parish, seeking damages for all

1

economic losses and expenses, damage to Plaintiffs' reputations, loss of future business, loss of clientele, and loss of employees. Defendants removed the suit to this Court, and have not yet filed an answer.

## II. PRESENT MOTIONS

Defendants have filed a Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction. First, Defendants argue that Plaintiffs lack standing to bring the suit as Doley Securities, LLC and Doley Foundation. Defendants assert that a layperson may not bring suit on behalf of a corporation, regardless of that person's relationship to the corporation. Defendants allege that a motion to dismiss for want to standing is properly brought pursuant to Rule 12(b)(1) because standing is a jurisdictional matter. Second, Defendants assert that Plaintiffs have failed to state a claim pursuant to Rule 12(b)(6). Defendants argue that the case should be dismissed because it is unclear who the plaintiffs are in this case, and Defendants did not enter into a contract with Harold E. Doley, Jr., Aaron Doley, or Doley Foundation.

Plaintiffs did not file an opposition to Defendants' motion. Plaintiffs have, however, filed a Motion to Remand. In it, Plaintiffs aver that the monetary damages being sought in this matter totals less than $75,000.00. As a result, Plaintiffs argue, the case should be remanded to Civil District Court for further proceedings.

Defendants have responded to Plaintiffs' Motion to Remand. Defendants assert that because Plaintiffs did not timely file an opposition to Defendants' Motion to Dismiss, that motion should be granted, and Plaintiffs' motion should be mooted. Defendants concede that if the Court should decide Plaintiffs' motion first, they cannot prevent removal based on the amount in controversy.

## III. LAW AND ANALYSIS

2

**A.     Motion to Dismiss, filed by Defendants (Rec. Doc. No. 5)**

Federal courts have historically held pro se petitioners to less stringent standards than those required of petitioners represented by counsel. *See Ominski v. Northrup Grumman Shipbuilding, Inc.*, 466 Fed. Appx. 341, 345 (5th Cir. 2012) (affording the plaintiff "the leeway to which she is entitled as a pro se petitioner"); *see also, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972) (holding the allegations of a pro se complaint to "less stringent standards than formal pleadings drafted by lawyers"). The Fifth Circuit, in particular, has developed a presumption against dismissing a pro se action before plaintiff is provided a chance to amend its petition. *See Dark v. Potter*, 293 Fed. Appx. 254, 257 (5th Cir. 2008) (explaining the Fifth Circuit's "rule that Rule 12(b)(6) dismissals of pro se complaints without opportunity to amend generally constitute error"); *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998).

In the instant case, Defendants have moved to dismiss this matter due to an ambiguity in Plaintiffs' complaint. Plaintiffs assert, however, in their Motion to Remand that this Court lacks jurisdiction, as the case does not satisfy the amount-in-controversy requirement for diversity jurisdiction. Although the complaint, as filed in state court, neglects to include this information, the Fifth Circuit rule against dismissing pro se complaints before they have had an opportunity to amend counsels against granting Defendants' motion. Accordingly, the Court will deny Defendants' motion without prejudice to their right to re-urge the motion after Plaintiffs have had opportunity to amend their complaint.

**B.     Motion to Remand, filed by Plaintiffs (Rec. Doc. No. 6)**

**1. Standard of Review**

Diversity jurisdiction requires complete diversity of citizenship and more than $75,000 in controversy. 28 U.S.C. § 1332(a). "Louisiana prohibits plaintiffs from petitioning for a specific

monetary amount" and the Fifth Circuit employs a specific framework for analyzing motions to remand to Louisiana state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* The defendant may satisfy its burden by either: (1) showing that it is facially apparent that the claim is likely to exceed $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. *Id.* "Where the district court is making the 'facially apparent' determination, the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy [is] likely to exceed $[75,000]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). "In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Id.*

If a defendant satisfies its burden, the district court has jurisdiction unless it is apparent to a legal certainty that the plaintiff's claim is actually for an amount of $75,000 or less. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Plaintiffs can show to a legal certainty that a claim is less than the jurisdictional amount by filing with their complaint a binding stipulation or affidavit "stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold." *Ditcharo v. United Parcel Svc., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010); *Manguno*, 276 F.3d at 724; *De Aguilar*, 47 F.3d at 1412 & n. 10.

**2. Analysis**

In the instant case, the Plaintiffs have not filed a binding stipulation regarding the amount in controversy with either their complaint or their motion to remand. Howard E. Doley, Jr., one

of the plaintiffs, has filed an affidavit stating that the monetary value of the damages being sought is less than $75,000.00, however this statement is not sufficient for the Court to grant the motion to remand. All plaintiffs – that is, Howard Doley as well as Aaron Doley – must sign a binding stipulation stating both that they are seeking less than $75,000.00, and that they will not accept an award that exceeds the jurisdictional threshold. Until such a stipulation has been filed, the Court cannot grant the Plaintiffs' motion. Accordingly, Plaintiffs' Motion to Remand is hereby denied without prejudice to the right to re-urge the motion after the above-described stipulations has been filed.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Dismiss (Rec. Doc. No. 5) is hereby **DENIED** without prejudice to the Defendants' right to re-file the motion at a later date.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand (Rec. Doc. No. 6) is hereby **DENIED** without prejudice to the Plaintiffs' right to re-file the motion at a later date.

New Orleans, Louisiana, this 16th day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE