UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HAROLD E. DOLEY, JR., ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 12-1595** |
| | * | |
| **A. MICHAEL RUBIO, ET AL.** | * | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court are two Motions: a Motion to Dismiss for Lack of Prosecution filed by Defendant (R. Doc. 13) and a Motion to Continue filed by Plaintiff (R. Doc. 15). The Court, having reviewed the submitted memoranda and the applicable law, now issues this Order and Reasons.

## I. BACKGROUND

This case arises out of an audit performed for Plaintiffs Harold E. Doley, Jr. and Aaron Doley by Defendants A. Michael Rubio and Rubio CPA, PC. Plaintiffs allege that on an unspecified date, Defendants prepared for Plaintiffs an audit required by the Financial Industry Regulatory Authority ("FINRA"). Plaintiffs allege that, although they provided the necessary information to Defendants in a timely manner, Defendants grossly failed to use standard accounting practices and to follow the rules and regulations dictated by FINRA in preparing and performing the audit. Plaintiffs further allege that Defendants declined to withdraw the flawed audit when contacted by Plaintiffs. Plaintiffs allege that, as a result of Defendants' negligence, Plaintiffs were suspended for 45 days and were forced to pay for a new audit to bring their business into compliance with FINRA.

Plaintiffs filed suit in Civil District Court for Orleans Parish, seeking damages for all economic losses and expenses, damage to Plaintiffs' reputations, loss of future business, loss of

1

clientele, and loss of employees. Defendants removed the suit to this Court. On August 16, 2012, the Court denied Defendants' Motion to Dismiss for Failure to State a Claim, noting that the Fifth Circuit rule against dismissing pro se complaints before they have had an opportunity to amend counsels against granting Defendants' motion. Accordingly, the Court denied the Motion to dismiss without prejudice to Defendants' right to re-urge the motion after Plaintiffs had an opportunity to amend their complaint.

Since that time and up until the filing of the instant Motion to Continue, Plaintiffs took no action to prosecute their claim and failed on several occasions to comply with this Court's orders and to participate in discovery according to the Federal Rules of Civil Procedure. Plaintiffs failed to attend or send representatives to: the Court's preliminary conference on August 24, 2012; a telephonic conference on September 18, 2012; and a status conference on October 16, 2012 (R. Doc. 14).

Defendants filed the instant Motion to Dismiss for Lack of Prosecution on October 17, 2012. Plaintiffs filed no opposition, but eventually filed the instant Motion to Continue on November 14, 2012, the day the Defendants' Motion to Dismiss was submitted. Defendants filed a memorandum in opposition to the Motion to Continue on the same day.

## II. PRESENT MOTIONS

### A. Defendants' Motion to Dismiss for Lack of Prosecution

Defendants argue that Plaintiffs' case should be dismissed for failure to prosecute their claims. Defendants aver that Plaintiffs have failed to comply with the standard and corporate disclosure requirements embodied in Rules 7 and 26 of the Federal Rules of Civil Procedure. Defendants further note Plaintiffs' failure to attend or participate in several conferences as ordered by this Court and as listed above: a preliminary conference on August 24, 2012, which the Court's Case Manager made multiple attempts to convene; a telephonic conference on

2

September 18, 2012; and a status conference on October 16, 2012. All of these failures contravened this Court's orders.

**B. Plaintiffs' Motion to Continue**

Plaintiffs filed a Motion to Continue seeking a continuance of the submission date on Defendants' Motion to Dismiss. Plaintiffs argue that Hurricane Sandy caused "damages to their properties" and caused Plaintiffs to be unable to retain counsel.

**C. Defendants' Opposition**

Defendants' oppose Plaintiffs' Motion to Continue. Defendants largely restate the arguments contained in their Motion to Dismiss, but note further that, at the time Hurricane Sandy affected the United States, Plaintiffs' deadlines had already expired. Defendants also argue that the Plaintiffs are engaged in a pattern of dilatory conduct designed to delay these proceedings.

**III. LAW AND ANALYSIS**

The drastic remedy of dismissal with prejudice for failure to prosecute is appropriate only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Renobato v. Compass Bank Corp.*, 480 F. App'x 764, 766 (5th Cir. 2012) (quoting *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005)). In general, "a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Id.* (citing *Tello*, 410 F.3d at 744). Moreover, federal courts have historically held pro se petitioners to less stringent standards than those required of petitioners represented by counsel. *See Ominski v. Northrup Grumman Shipbuilding, Inc.*, 466 F. App'x

3

341, 345 (5th Cir. 2012) (affording the plaintiff "the leeway to which she is entitled as a pro se petitioner"); *see also, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972) (holding the allegations of a pro se complaint to "less stringent standards than formal pleadings drafted by lawyers"). The United States Court of Appeals for the Fifth Circuit, in particular, has developed a presumption against dismissing a pro se action before a plaintiff is provided a chance to amend its petition. *See Dark v. Potter*, 293 Fed. Appx. 254, 257 (5th Cir. 2008) (explaining the Fifth Circuit's "rule that Rule 12(b)(6) dismissals of pro se complaints without opportunity to amend generally constitute error"); *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998).

Here, the Court recognizes that Hurricane Sandy, a significant disaster and national emergency, may well have caused a delay in Plaintiffs' efforts to prosecute their claims. However, Plaintiffs offer no explanation for their repeated failures to abide by this Court's orders throughout the months of August, September, and October, before Hurricane Sandy made landfall in the last days of October, 2012. The Plaintiffs' belated Motion to Continue simply does not address this time period. Moreover, the Plaintiffs have now had ample opportunity to amend their Complaint. Under these circumstances, the Court finds that the Plaintiffs have caused an unreasonable delay; that lesser sanctions will not likely prompt diligent prosecution on Plaintiffs' part; and that the interests of justice are best served by dismissal of this case with prejudice.

**IV. CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Dismiss (R. Doc. 13) is hereby **GRANTED**.

4

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Continue (R. Doc. 15) is hereby **DENIED**.

New Orleans, Louisiana, this 18th day of December, 2012.

                                                      UNITED STATES DISTRICT JUDGE